# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JUDICIAL WATCH, INC., <br> 425 Third Street SW, Suite 800 <br> Washington, DC 20024, <br><br> Plaintiff, <br><br> v. <br><br> U.S. DEPARTMENT OF JUSTICE, <br> 950 Pennsylvania Avenue NW <br> Washington, DC 20530, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No.: <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendant U.S. Department of Justice to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

## PARTIES

3. Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street SW, Suite 800, Washington, DC 20024. Plaintiff seeks to promote transparency, integrity, and accountability in government and fidelity to the rule of law. As part of its mission, Plaintiff regularly requests records from federal agencies pursuant to FOIA. Plaintiff analyzes the

agencies' responses and disseminates both its findings and the requested records to the American public to inform them about "what their government is up to."

4. Defendant U.S. Department of Justice ("DOJ") is an agency of the U.S. Government and is headquartered at 950 Pennsylvania Avenue NW, Washington, DC 20530. Defendant has possession, custody, and control of public records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5. On June 10, 2019, Plaintiff submitted a FOIA request to the Federal Bureau of Investigation ("FBI"), a component of Defendant, seeking access to the following records:

> All records related to Anthony Dean Rodham, born in August 1954 in Park Ridge, Illinois, who died on June 7, 2019, including but not limited to: investigative reports; 302s; witness statements; Confidential Human Source reporting (FD 1023 forms); meetings/contacts (FD 209a forms); cables; letterhead memoranda; and communications sent to and from FBI officials regarding Mr. Rodham.

6. By letter dated June 17, 2019, the FBI acknowledged receipt of the request and assigned it Request No. 1439436-000.

7. By letter dated August 19, 2019, the FBI informed Plaintiff it located 13,165 pages of records, as well as audio and video files potentially responsive to the request and asked Plaintiff to enter into a fee agreement to produce those records.

8. By letter dated August 27, 2019, Plaintiff agreed to the FBI's fee agreement to produce all the records responsive to the request.

9. By email dated September 11, 2023, the FBI asked whether Plaintiff was still interested in having the request processed or if Plaintiff would consider reducing the size of the request.

10. By email dated September 11, 2023, Plaintiff informed the FBI of its continued interest in having the request processed without modification of its scope.

11. By email dated September 12, 2023, the FBI acknowledged receipt of Plaintiff's email dated September 11, 2023, and informed Plaintiff the FBI would continue processing the request as-is.

12. By letter dated May 12, 2025, the FBI informed Plaintiff it had located 13,231 pages of potentially responsive documents and inquired whether Plaintiff was still interested in having the request processed.

13. By email dated May 29, 2025, Plaintiff informed the FBI of its continued interest in having the request processed without modification of its scope.

14. By email dated May 29, 2025, the FBI acknowledged receipt of Plaintiff's May 29, 2025 email.

15. Plaintiff has received no further response from the FBI regarding the request.

16. As of the date of this Complaint, Defendant has failed to (i) produce the requested records or demonstrate that the requested records are lawfully exempt from production; (ii) notify Plaintiff of the scope of any responsive records it intends to produce or withhold and the reasons for any withholdings; or (iii) inform Plaintiff that it may appeal any adverse determination.

## COUNT I
### (Violation of FOIA, 5 U.S.C. § 552)

17. Plaintiff realleges paragraphs 1 through 16 as if fully stated herein.

18. Defendant is in violation of FOIA.

19. Plaintiff is being irreparably harmed by Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

20. Plaintiff has no adequate remedy at law.

21. To trigger FOIA's administrative exhaustion requirement, Defendant was required to make final determinations on Plaintiff's request by July 9, 2019. Because Defendant failed to issue a final determination within the time required by FOIA, Plaintiff is deemed to have exhausted its administrative remedies.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to search for any and all records responsive to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to the request; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's request and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to the request; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated:  December 5, 2025                    Respectfully submitted,

/s/ Lauren M. Burke
Lauren M. Burke
D.C. Bar No. 1028811
JUDICIAL WATCH, INC.
425 Third Street SW, Suite 800
Washington, DC 20024
Tel:   (202) 646-5172
Email: lburke@judicialwatch.org

*Counsel for Plaintiff*